IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

vs.                                                        Case No. 4:14cv341-RH/CAS

MIKE WOMBLE,
SAME BRUCE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, doc. 1, a motion to proceed in forma pauperis, doc. 2, and a motion for declaratory judgment and injunctive relief, doc. 3.  Plaintiff's in forma pauperis motion has been granted in a separate Order entered this day.

Plaintiff has been a frequent filer in this Court, having filed fifteen cases between 2005 and 2010.  Since July 2014, Plaintiff has filed seven more cases.  The claims raised in this case are based on the same facts as Plaintiff previously litigated in case number 4:06cv401-RH/WCS.  The claims against Defendants Marty West and Mike Womble were resolved at the summary judgment stage in favor of the Defendants.  Docs. 142, 155 of that case.  The claims against the United States Marshals Service were dismissed for failure to state a claim and affirmed on appeal by the Eleventh Circuit.  Doc. 23, doc. 35 at 10.  Plaintiff acknowledges that prior case in the instant

complaint, doc. 1 at 4, and properly advises that summary judgment was granted. Nevertheless, Plaintiff does not explain how this case has merit when his prior case did not, nor does Plaintiff provide any argument to explain any differences between this case and the prior case.

Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). In other words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296. If all four requirements are met, a court must review the new complaint to determine whether a new claim is presented and, if so, whether the new claim could have been raised in the prior suit. If the court determines that "the new suit was or could have been raised in the prior action," then res judicata applies.[1]  *Id.*  However, the preclusion of claims that "could have been brought" in earlier litigation does not include claims that arose after the original

---

[1] "*Res judicata* applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir. 1992) (quotation marks omitted).  Additionally, "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990).

Case No. 4:14cv341-RH/CAS

complaint was filed in the prior action, unless the plaintiff actually asserted the claim in "supplemental pleadings or otherwise." Pleming v. Universal–Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998).

Here, Plaintiff's prior case and this present case are the same. The claims arise from the same events on October 25, 2002, when warrants were issued to arrest Plaintiff for attempted murder, possession of a firearm, and possession of cocaine. *See* docs. 39, 142 of case number 4:06cv401; *cf.* doc. 1 of this case. The claims raised in the prior case were against three Defendants: the United States Marshals Office, Deputy Marty West, and Deputy Mike Womble. Docs. 1, 39 of case number 4:06cv401. Plaintiff claimed that his arrest was unlawful, that the search of the premises where he was arrested was unlawful, that he should be compensated for damage to the property, and, implicitly, Plaintiff sought to challenge his conviction and incarceration. Plaintiff's claims were dismissed for failure to state a claim, and summary judgment granted in Defendants' favor. Docs. 142, 155 of case number 4:06cv401. Plaintiff did not have standing to complain about the property damage, and he was barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), from challenging the validity of his conviction and seizure of property. *Id.* Plaintiff has still not demonstrated in this case that his conviction was overturned. Furthermore, the the claims against Defendants West, Womble, and the United States Marshals Service are barred by the doctrine of *res judicata*.

While Plaintiff did not name the other four Defendants from this case in the prior action, those claims cannot go forward either. All facts upon which Plaintiff basis his claims occurred in October of 2002. A federal § 1983 claim is governed by the forum

state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are from twelve years ago, are barred by the statute of limitations, and should be dismissed.

Because Plaintiff's civil rights complaint, doc. 1, cannot go forward, the motion for declaratory judgment and for injunctive relief, doc. 3, should also be denied. Injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). Because Plaintiff's complaint is insufficient, there is no basis to grant the motion for an injunction.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2), because it is barred by *res judicata*, and the motion for declaratory judgment and injunctive relief, doc. 3, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 23, 2014.


S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**